**NODAK MUTUAL INSURANCE COMPANY,**
Plaintiff and Respondent,

v.

**Jacob WACKER and James J. Wacker,**
Defendants and Appellants.

**Civ. No. 8447.**

Supreme Court of North Dakota.

Dec. 8, 1967.

Rausch & Chapman, Bismarck, for plaintiff and respondent.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for defendants and appellants.

STRUTZ, Judge.

This is an action for declaratory judgment brought by the plaintiff for the purpose of construing an insurance policy which had been issued by the plaintiff and for the purpose of determining the rights and liabilities of the parties to this action under the terms of such policy.

The facts, as disclosed by the record in this case, are as follows:

The plaintiff, upon application of the defendant James J. Wacker, issued a policy of insurance covering a 1963 Valiant four-door automobile owned by the applicant. The policy provided coverage for claims for bodily injury, property damage, windstorm, fire, theft, and collision. With respect to liability coverage, the policy provided that coverage did not apply to "the insured or any member of the family of the insured residing in the same household as the insured." It also provided that such coverage should apply not only to the named insured but to any person using the automobile with the permission of the named insured.

On April 13, 1963, the described vehicle was involved in an accident upon a public highway near Steele, North Dakota. It is conceded that the above policy was in force at the time of the accident. The vehicle was being driven by the defendant Jacob Wacker, the father of the named insured. Minnie Wacker, the wife of the defendant Jacob Wacker and mother of the named insured, was a passenger in the vehicle. It is further conceded that Jacob Wacker was operating the vehicle with the express permission of the named insured. In the accident, Minnie Wacker was injured. She brought an action against her husband, the defendant Jacob in this action, and against a third-party driver with whom the defendant Jacob Wacker had collided on the highway, alleging gross negligence of the defendant Jacob Wacker and ordinary negligence on the part of the other named defendant. After such action had been commenced and while it was pending, the plaintiff insurance company brought this action for a declaratory judgment, contending that the defendant Jacob Wacker was excluded from coverage under the policy which plaintiff had issued on such vehicle because he was a member of the family of the insured, James J. Wacker, and residing in the same household as the named insured, and for the further reason that the defendant Jacob Wacker was an insured under the provisions of the policy.

Much effort was spent in the trial of the action and in argument in this court, attempting to prove that Minnie Wacker and Jacob Wacker were members of the same household as the insured, James Wacker. The evidence in this connection discloses that the defendant Jacob Wacker owns the real property and the house in which all of the parties reside; that the defendant Jacob Wacker and his son, defendant James, with another son, Eldon, have a working agreement for the joint operation of the farm by the three parties as a grain farm. Under this agreement, the defendant Jacob furnishes the land and buildings and does such work as he is able to perform; that the agreement further provides that the defendant James and his brother, Eldon, are to furnish all the remaining labor necessary to operate the farm; that the income from such joint grain-farming operation is used for the payment of all expenses and for food for the parties; and that, at the end of each year, the net profit from such grain-farming operation is divided equally among the three parties. The record also discloses that, as a part of the agreement among the parties, the wives of the defendant Jacob and the defendant James are to do all of the cooking, and that the family of the defendant James is to receive the use of a part of the house rent-free; that the brother, Eldon, is to receive his room in such residence free of charge to him; and that each of the three parties to such agreement owns livestock individually, that each has the right to run his livestock in

the pasture on the farm, and that each party is to have all of the income from his own livestock.

On this record, the trial court found that Minnie Wacker was a member of the household of the insured under the terms of the policy and that, under the provisions of said policy, liability coverage did not apply to the injury of the said Minnie Wacker and that such coverage did not apply to payment of damages which she might recover from her husband under the terms of the policy in the action which had been commenced by her.

The defendants, Jacob Wacker and James J. Wacker, have appealed to this court from the judgment entered in favor of the plaintiff insurance company.

In arguing this case before this court, the parties spent much time discussing the question of whether the defendant Jacob Wacker and the claimant, Minnie Wacker, were members of the family of the insured, James Wacker, and whether all of such parties were members of the same household. The case comes here on demand for trial de novo, and thus we must determine the facts anew.

The trial court found that the policy in question did not provide coverage for bodily injury to any member of the family of the insured residing in the same household, and concluded that, at the time of the accident, all persons involved in the action either were insureds or members of the family of an insured; and that the policy in question therefore did not afford any liability coverage or protection to the defendant Jacob Wacker in the action brought by his wife, who admittedly was a member of his family and resided in the same household as the said Jacob Wacker.

The policy issued by the plaintiff on the automobile of the defendant James Wacker contained the following provisions:

"Additional Interests

"(1) The insurance provided in Section 1, and in other parts of this policy, when applicable to these coverages, is extended to apply not only to the named insured but also to any person while using the automobile * * * provided that the declared and actual use of the automobile is 'business and pleasure,' each as defined herein, and provided further that the actual use is with the permission of the named insured, or if such insured is an individual, with the permission of any adult member of such insured's family."

The policy also had certain exclusions. These exclusions included, among other things, the following:

"EXCLUSIONS

"This policy does not apply:

\*    \*    \*    \*    \*    \*
"6. * * * to the insured or any member of the family of the insured residing in the same household as the insured."

■ The policy in question clearly was intended to apply to persons other than the named insured. It provided that the insurance furnished by the policy is extended to apply not only to the named insured but also to any person using the insured's automobile, provided such use is with the permission of the named insured. There is no dispute as to the fact that the defendant Jacob Wacker was using the insured automobile with the consent and permission of the named insured, the defendant James Wacker. Thus the defendant Jacob Wacker became an additional insured under the express terms of the policy. General Accident, Fire & Life Assurance Corp. v. Katz, 3 Misc.2d 328, 150 N.Y.S.2d 667.

In the *Katz* case, the named insured permitted his father to use the son's auto-

mobile. As a result of such use, the mother of the insured, the father's spouse, was killed. An action was brought by the administrator of the mother's estate against the son, who thereupon filed a third-party action against the father. The father then claimed over against the son's liability insurer. *Held,* that the insurer was entitled to disclaim liability to the father on the ground that the father, at the time of the accident, was an insured under the provisions of the policy issued to the son; that since the father became an insured under the policy issued to the son, the statute which barred an action for the death of the spouse of an assured barred any liability under the policy for death of the father's spouse.

To the same effect, when the father in the case before us used the insured vehicle with the consent of the insured son, he became an insured under the provisions of the policy.

■ The defendants argue that the exclusions clause of the policy issued by the plaintiff does not apply to an additional insured because the clause relating to additional insureds has its own exceptions and exclusions. We find no merit in this contention, however. The exclusions clause of the policy does not, by its terms, relate to the named insured only, but applies to "the insured." Such insured would include any additional insureds under the provisions of the policy.

■ Since he was an additional insured under the express provisions of the policy, all provisions of the policy would apply with equal force to the defendant Jacob Wacker as they would have applied to the named insured, the defendant James Wacker, had the defendant James Wacker been operating the insured vehicle at the time of the accident.

■ There is no dispute in this case as to the fact that Minnie Wacker, the plaintiff in the action brought against her husband and against the driver of the other vehicle, was a member of the family of the defendant Jacob Wacker. Nor is it disputed that she was residing in the household of the said defendant, Jacob Wacker, at the time of the accident. Thus, whether she was a member of the family and household of the defendant James Wacker, the named insured, is wholly immaterial. Under the extended coverage provided for in the policy, the defendant Jacob Wacker became an additional insured when he was operating the insured vehicle with the permission of the named insured. As such additional insured, the provisions of the policy were applicable to him as much as if he had been the named insured. Since the policy specifically provided that coverage did not apply to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured, such coverage did not apply to injuries which might have been suffered by the defendant Jacob Wacker, the additional insured, nor to any injuries suffered by Minnie Wacker, his wife, who was a member of his family and residing in the same household with him. Thus it is not necessary for us to determine whether Jacob and Minnie were members of the family and residing in the same household as the named insured, defendant James Wacker. The insured, so far as this action is concerned, was the additional insured, defendant Jacob Wacker, who was using the automobile with the express permission of the named insured, defendant James Wacker. Thus, under the exclusions clause, the coverage of the policy did not apply to the additional insured, defendant Jacob Wacker, nor to any member of the family of such additional insured residing in the same household with him.

For reasons stated in this opinion, the provisions of the policy which we are asked to construe are held not to apply to bodily injuries suffered by the wife of Jacob Wacker, the additional insured at

the time of the accident which resulted in her injuries.

The judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and PAULSON, JJ., concur.