**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

v.

**NORTHWEST LEASING CORPORATION, et al., a North Dakota corporation, Defendants.**

Civ. No. 4265.

United States District Court
D. North Dakota,
Southeastern Division.

Feb. 3, 1969.

Supplemental Opinion June 2, 1969.

James D. Cahill, of Garrity, Cahill, Gunhus, Streed & Grinnell, Moorhead, Minn., for plaintiff, State Farm Mut. Auto. Ins. Co.

Frank X. Cronan, of Carroll, Cronan, Roth & Austin, Minneapolis, Minn., for defendants, American Casualty Co. and Pembina Broadcasting Co., Inc.

Norman G. Tenneson, of Tenneson, Serkland, Lundberg & Erickson, Fargo, N. D., for defendant, Northwest Leasing Corporation, and defendant, Fidelity and Casualty Co. of New York.

Morris Dickel, of Padden, Dickel & Johannson, Crookston, Minn., for defendant, Madeline Lukkason.

Robert Vaaler, of Stokes, Vaaler, Gillig & Warcup, Grand Forks, N. D., for defendant, E. V. Boucher as Administrator of Estate of Robert C. Lukkason, deceased.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

This declaratory judgment action arose out of an automobile accident that occurred in Minnesota on January 31, 1965, and seeks a determination of the rights and liabilities of several insurance companies by reason of the issuance of certain policies.

The parties have executed a stipulation of facts which is necessary to an understanding of the problems here presented and which reads:

I.

"On January 31, 1965, near Dalton, Minnesota, there was a collision between a Cadillac automobile owned and operated by Stanley T. Kucera with a Ford automobile which was owned by Defendant, Northwest Leasing Corporation, leased to Defendant, Pembina Broadcasting Company, and operated by Robert C. Lukkason, deceased, and was in his care, custody and control at the time of the accident.

II.

"That the vehicle operated by Robert C. Lukkason, deceased, was also occupied by passengers, Madeline Lukkason, Janice Pritchard, William Utton and Judy Utton, each of whom sustained injury, loss and damage under circumstances which they assert give them a cause of action against Stanley T. Kucera, Pembina Broadcasting Company, Inc., a corporation, Northwest Leasing Corporation, a corporation, and E. V. Boucher who is the duly appointed administrator of the estate of Robert C. Lukkason, deceased.

III.

"That Janice Pritchard asserted claim for her injuries arising out of the accident material hereto, and that the State Farm Mutual Automobile Insurance Company, through its attorney, effected a settlement as to her claim in the sum of $6,500.00, paying the sum of $6,500.00 on her claim after making request and demand of the Fidelity and Casualty Company of New York and the American Casualty Company, a Pennsylvania corporation, for contribution toward the same, which contribution the said Fidelity and Casualty Company and the said American Casualty Company refused to make; that in connection with the payment of the sum of $6,500.00 a release was secured from the said Janice Pritchard, a copy of which release is annexed hereto as Exhibit G.

IV.

"That Madeline Lukkason has commenced a civil action against Stanley T. Kucera, Helen K. Kucera, E. V. Boucher as administrator of the estate of Robert C. Lukkason, deceased, Pembina Broadcasting Company, Inc., a corporation, and Northwest Leasing Corporation, a corporation, wherein damages are sought in the sum of $300,000.00.

### V.

"That the Pembina Broadcasting Company, Inc., a corporation, is and was at all times material hereto a subsidiary of the Evansville Television, Inc., et al.

### VI.

"That the Plaintiff, State Farm Mutual Automobile Insurance Company, an insurance company incorporated in the State of Illinois, did at the time of the motor vehicle collision material hereto have a policy of liability insurance in force wherein the named insured was Pembina Broadcasting Company, Inc., and by endorsement Northwest Leasing Corporation was an additional insured under said policy, which policy described and covered the Ford automobile involved in said accident, an exact copy of said policy and all endorsements thereto being annexed hereto as Exhibit A; but said State Farm Mutual Automobile Insurance Company denies that the policy by its terms covers the claims of Judy Utton, William Utton, Madeline Lukkason and Janice Pritchard.

### VII.

"That the Defendant, American Casualty Company, an insurance company incorporated in the State of Pennsylvania, did at the times material hereto have a policy of liability insurance in force wherein the Pembina Broadcasting Company, Inc., was by endorsement a named insured, an exact copy of which policy together with all applicable endorsements is annexed hereto as Exhibit B; but said American Casualty and Insurance Company denies that the policy by its terms covers the claims of Judy Utton, William Utton, Madeline Lukkason and Janice Pritchard.

### VIII.

"That the Fidelity and Casualty Company of New York, an insurance company incorporated in the State of New York, did at the times material hereto have a policy of liability insurance in force wherein the named insured was Defendant, Northwest Leasing Corporation, and an exact copy of which policy and all applicable endorsements is annexed hereto as Exhibit C; but said Fidelity and Casualty Company denies that the policy by its terms covers the claims of Judy Utton, William Utton, Madeline Lukkason and Janice Pritchard.

### IX.

"That Madeline Lukkason at the time of the accident material hereto was the spouse of Robert C. Lukkason, deceased, and up to the time of the accident had been a member of the family of Robert C. Lukkason, residing in the same household as Robert C. Lukkason.

### X.

"That the 1965 Ford station wagon was being operated by Robert C. Lukkason, deceased, Vice President and Station Manager of KTHI-TV owned by Pembina Broadcasting Company, and said station wagon was at all times material hereto being operated with the permission and consent of Pembina Broadcasting Company, Inc., a corporation, and was owned by Northwest Leasing Corporation and was being operated by Robert C. Lukkason with Northwest Leasing Corporation's knowledge and consent at the time of the accident."

All agree that Lukkason was operating the automobile with the knowledge and consent of the named insureds and that he thereby became an additional insured under the terms of the State Farm Mutual Automobile Insurance Company policy which provides:

"Insured—under coverages A, B, C and M the unqualified word 'insured' includes

(1) the named insured, and

\* \* \* \* \* \*

(4) any other person while using the owned automobile, provided the operation and the actual use of such

automobile are with the permission of the named insured or such spouse and are within the scope of such permission, and

(5) under coverages A and B any person or organization legally responsible for the use of such owned automobile by an insured as defined under the four subsections above."

It is when the "Household Exclusion Clause" is considered that disagreement arises. The plaintiff State Farm Mutual Automobile Insurance Company contends that its policy provision:

"This insurance does not apply under:

\*  \*  \*  \*  \*  \*

(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured,"

excludes from coverage the claim of Madeline Lukkason, the wife of and member of the additional insured's family, against Pembina Broadcasting Company, Inc., Northwest Leasing Corporation and E. V. Boucher, Administrator of the Estate of Robert C. Lukkason, deceased. Conversely, the opposing parties contend that the exclusion applies only to the named insureds and not to an additional insured, citing and relying on Patton v. Patton, (1964) 413 Pa. 566, 198 A.2d 578.

While the case does so hold, a North Dakota decision, Nodak Mutual Insurance Company v. Wacker, (N.D.1967) 154 N.W.2d 776, cited by the plaintiff, construed a policy containing a similar exclusion:

"EXCLUSIONS

" 'This policy does not apply:

\*  \*  \*  \*  \*  \*

" '6. \* \* \* to the insured or any member of the family of the insured residing in the same household as the insured.' "

and went on to hold that:

"The defendants argue that the exclusions clause of the policy issued by the plaintiff does not apply to an additional insured because the clause relating to additional insureds has its own exceptions and exclusions. We find no merit in this contention, however. The exclusions clause of the policy does not, by its terms, relate to the named insured only, but applies to 'the insured.' Such insured would include any additional insureds under the provisions of the policy.

"Since he was an additional insured under the express provisions of the policy, all provisions of the policy would apply with equal force to the defendant Jacob Wacker as they would have applied to the named insured, the defendant James Wacker, had the defendant James Wacker been operating the insured vehicle at the time of the accident."

Faced with an exclusion which provided the policy would not apply "to bodily injury \* \* \* of the named insured, or of any other insured, or any member of the family of either, who are residents of the household of either" the court held in Kentucky Farm Bureau Mutual Ins. Co. v. Harp (Ky.1967), 423 S.W.2d 233, that:

"[I]t appears that her [plaintiff's] husband, Eugene Harp, was an 'insured' within the terms of the exclusions in the policy. He was legally responsible for the operation of the vehicle and was operating it by permission of the named insured, Clyde T. Harrison. When applied to the exclusion provision set out above it seems obvious that Eugene Harp falls into the category of 'other insured' and so any member of his family who is a resident of his household may not recover under this policy."

The defendants seek to distinguish Nodak Mutual Insurance Company v. Wacker (N.D.1967), 154 N.W.2d 776, and other cases cited by the plaintiff on the grounds that these cases dealt with policies wherein the named insureds were individuals while in this case the named insureds were corporations.

No such distinction can be made. The Nodak Mutual case, 154 N.W.2d 776,

considered *only* the application of the "Household Exclusion" provision to an "additional insured" under the "omnibus" clause and specifically held that "the exclusion clause of the policy does not, by its terms, relate to the named insured only, but applies to 'the insured.' Such insured would include any additional insureds under the provisions of the policy."

Concluding then that the claim of Madeline Lukkason against Pembina Broadcasting Company, Inc., Northwest Leasing Corporation and E. V. Boucher, Administrator of the Estate of Robert C. Lukkason, deceased, is excluded from coverage under the terms of the policy issued by the plaintiff State Farm Mutual Automobile Insurance Company, it becomes unnecessary to consider the secondary issues raised.

It is so ordered.