298 So.2d 173 (1974)
Paula J. COCHRAN, a Minor, by and through Her Father and Next Friend, R. P. Cochran, and R.P. Cochran, Individually, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 72-1163.
District Court of Appeal of Florida, Fourth District.
July 19, 1974.
Rehearing Denied August 20, 1974.
Robert B. Alford and Karl O. Koepke of Whitaker & Koepke & Assoc., Orlando, for appellants.
James O. Driscoll of Driscoll & Conrad, Orlando, for appellee.
CROSS, Judge.
Appellants-plaintiffs, Paula J. Cochran, a minor, by and through her father and next friend, R.P. Cochran, and R.P. Cochran, individually, appeal a final judgment entered on a directed verdict in favor of the defendant-appellee, State Farm Mutual Automobile Insurance Company, in a cause of action seeking damages resulting from negligent maintenance of an automobile. We reverse.
*174 On July 12, 1970, the plaintiff, Paula J. Cochran, was operating a motor vehicle with the consent of the owner, Martha H. Swindell. At the time of the accident Martha H. Swindell had in force and effect an insurance policy with State Farm Mutual Automobile Insurance Company. While Miss Cochran was driving the vehicle, a rear tire blew out, the vehicle went out of control, left the highway and hit a power pole, causing Miss Cochran various injuries.
Subsequently, suit was filed by plaintiffs against the defendants, Martha H. Swindell and State Farm Mutual Automobile Insurance Company, alleging negligent maintenance of an automobile. After various preliminary motions, State Farm answered the complaint, and in essence, denied that the policy afforded coverage to the plaintiffs.
State Farm then sought judgment on the pleadings. The trial court granted State Farm's motion for judgment on the pleadings, and appeal was taken to this court. Cochran v. Swindell, 263 So.2d 638 (Fla. App. 1972). This court reversed. After remand to the trial court, the cause came to trial on November 6, 1972, the parties stipulating that the issue of insurance coverage would be tried first. It was further stipulated that the policy of insurance issued to Martha H. Swindell by State Farm was in force and effect at the time of the accident, and that Paula Cochran was operating the motor vehicle with the consent of the owner, Martha H. Swindell. At the conclusion of the plaintiffs' case, on the issue of insurance coverage, the trial judge directed the jury to enter a verdict in favor of the defendant, State Farm. Final judgment was entered pursuant to the jury verdict. It is from this final judgment that the plaintiffs now appeal.
The only controversy on this appeal is whether the loss incurred by the plaintiffs is covered and embraced within the terms of the policy of insurance issued to Martha H. Swindell by State Farm. The pertinent coverage of the policy is:
1. The Insuring Agreement in which the insurance company agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons ... caused by accident arising out of the ownership, maintenance or use ... of the owned automobile."
2. Definitions  "Insured  under coverages A, B, C and M the unqualified word `insured' includes . .. (4) any other person while using the owned automobile ..." (Emphasis added)
3. Exclusions, which provide "This insurance does not apply under: ... (i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured ..." (Emphasis added)
The trial court determined that the minor plaintiff, Paula J. Cochran, came within the definition of "insured" as defined in (2) "Definitions" of the policy issued by State Farm, and also within the exclusionary provisions of the policy as provided in (3) "Exclusions."
To cull from an opinion of Mr. Justice Holmes, words are not crystal, transparent and unchanged, they are the skin of a living thought, and may vary greatly in color and context according to the circumstances in which they are used. Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372.
Do the words "the insured" used in the exclusionary provisions of the policy mean the same as the word "insured" in the definition provisions of the policy? The answer to this question is found in a general principle that when one interprets an insurance policy, grants of coverage must be interpreted broadly in favor of the existence of insurance while limitations thereon, or exclusions, must be interpreted narrowly against the insurance company. *175 Johnson v. Life Insurance Co. of Georgia, 52 So.2d 813 (Fla. 1951); 18 Fla.Jur., Insurance § 409. The result is that the context of a word or words used in the grant provisions of the policy are not necessarily used in the same context under the limiting or exclusionary provisions of the policy.
The word "the" qualifies the word "insured" and means the person specifically named in the policy, rather than someone who might become an additional insured by reason of his use of a vehicle owned by the insured with the latter's permission. This conclusion is strengthened by State Farm's own policy. Under "Mutual Conditions" the following paragraph is found:
"1. Membership. The membership fees set out in this policy, which are in addition to the premiums, are not returnable but entitle the first insured named in the declarations to insure one automobile for any applicable coverage, and to insurance for any other coverage for which said fees were paid so long as this company continues to write such coverages and the insured remains a risk desirable to the company." (Emphasis added)
It is obvious from the above paragraph of State Farm's policy that State Farm considered the words "the insured" to mean the same as the first insured named in the declarations.
We see no reason to give the words "the insured" any different color or context than that given by State Farm in its policy. Feldman v. Central National Insurance Co. of Omaha, 279 So.2d 897 (Fla. App. 1973).
Accordingly, we conclude that the trial court was in error in interpreting the word "insured" in the definition provisions of the policy to mean the same as the words "the insured" in the exclusionary provisions of the policy. Therefore, coverage was afforded to the minor plaintiff, Paula J. Cochran, within the terms of State Farm's insurance policy.
Reversed and remanded.
MAGER, J., concurs in conclusion only.
OWEN, C.J., dissents with opinion.
OWEN, Chief Judge (dissenting):
The question here is, "Who is `the insured'?", as that term is used in subparagraph (i) of the exclusions.
I agree with the statement in the majority opinion prepared by Judge Cross that the words "insured" and "the insured" can and do have different meanings when considered in the context in which they appear in different parts of the insurance policy. For example, the term "the insured" found in the insuring agreement "to pay on behalf of the insured" means to pay on behalf of every insured who becomes legally obligated to pay damages covered under the policy. On the other hand, by virtue of the severability of interest clause, the term "the insured" found in the standard employee exclusion clause (not involved in this case) means only the person claiming coverage or only the person for whom coverage is the issue.[1] Yet, it is obvious that this latter construction could not be placed upon the exclusion involved in this case, as this would render the exclusion meaningless, i.e., the person claiming coverage would have no coverage for liability for "bodily injury to [the person seeking coverage]", an impossible event. Thus, it is evident that even among the several exclusionary clauses the term "the insured" must necessarily have different meanings to express the intent of *176 the contracting parties.
The majority opinion concludes that the term "the insured" as used in this specific exclusion means only the named insured. Although not cited, there is respectable authority for such view. See, Patton v. Patton, 1964, 413 Pa. 566, 198 A.2d 578. However, it seems to me that if such was the insuring intent, it would have been a simple matter for the insurer to have written the exclusion so as to state expressly that it applied "... to bodily injury to the named insured or any member of the family of the named insured residing in the same household as the named insured." This the insurer did not do, and it is not unreasonable to assume that by omitting specific reference to the named insured, the insurer intended that the exclusion not be so limited.
Although there are no Florida cases on the point, there are cases from other jurisdictions in which an exclusionary clause, either identical or substantially similar to the one involved in this case, has been held to exclude coverage for bodily injury to an omnibus insured or to a co-resident member of the family of an omnibus insured. These cases include Nodak Mutual Insurance Co. v. Wacker, N.D. 1967, 154 N.W.2d 776 (involving a substantially similar exclusionary clause, where the injured passenger was a co-resident member of the family of the omnibus insured driver); State Farm Mutual Automobile Insurance Co. v. Northwest Leasing Corporation, D.N.D. 1969, 295 F. Supp. 516 (involving the identical policy exclusion as here, where the injured passenger was a co-resident member of the family of the omnibus insured driver); Kelsay v. State Farm Mutual Automobile Insurance Co., 1966, 242 Md. 528, 219 A.2d 830 (involving the identical policy exclusion as here, where the injured passenger was an omnibus insured as permittee of the named insured, and was a co-resident member of the family of the driver, another omnibus insured); and, Capece v. Allstate Insurance Co., Law Div. 1965, 88 N.J. Super. 535, 212 A.2d 863 (involving the identical policy exclusion as here, where the injured person was an omnibus insured whose injuries were caused through the negligence of another omnibus insured).
Other cases, factually distinguishable, have placed the same construction on this type of exclusionary clause. In the case of Kentucky Farm Bureau Mutual Insurance Co. v. Harp, Ky. 1967, 423 S.W.2d 233, the exclusionary clause was applied to deny coverage for injury to a co-resident member of the family of an omnibus insured; however, the particular clause involved in that case was broader than the one in the instant case as it excluded coverage for "bodily injury to or sickness, disease or death of the named insured, or of any other insured, or any member of the family of either, who are residents of the household of either." In the case of Tenopir v. State Farm Mutual Company, 9 Cir.1968, 403 F.2d 533, involving the identical exclusionary clause as here, the bodily injuries were sustained by the named insured and it was on that basis that the exclusion was held applicable; nonetheless, the court recognized that the exclusionary clause applied equally to bodily injury to the omnibus insured as it did to bodily injury to the named insured.
While I concede that there is some degree of logic in the rationale underlying the view that the exclusion should be limited to the named insured and the co-resident members of the family of the named insured, as so clearly expounded by Justice Jones in Patton v. Patton, supra, nonetheless it appears to me that such view is contrary to the weight of authority. Furthermore, it seems clear to me that the policy as written was intended to exclude coverage for bodily injury to any insured or to any co-resident member of the family of any insured. Thus, when the exclusionary clause is construed in this manner, the named insured, Martha H. Swindell, would not have coverage under the policy for any liability she may have for bodily injuries *177 sustained by Paula J. Cochran, who at the time of sustaining such bodily injuries was an omnibus insured under the policy. The fact that Martha Swindell may not have the coverage she thought she had is unfortunate, but after all, this exclusion is not a standard exclusion, and liability insurance is like most other commodities in that one usually gets only that for which he pays.
Respectfully, I dissent from the majority and vote to affirm the judgment.
NOTES
[1] See, Shelby Mutual Insurance Co. v. Schuitema, Fla.App. 1966, 183 So.2d 571; General Insurance Company of America v. Reid, Fla.App. 1968, 216 So.2d 41; Risjord and Austin, "Who is `the Insured'", XXIV University of Kansas City Law Review 65 (Fall Issue, 1955); Annot., 50 A.L.R.2d 78, Section 6(b) (1956); 7 Am.Jur.2d, Automobile Insurance, Section 133.