**TRANSPORT INDEMNITY COMPANY**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Civ. A. No. 73-2794.

United States District Court,
E. D. Pennsylvania.

July 15, 1975.

John J. O'Brien, Jr., Philadelphia, Pa., for plaintiff.

F. Hastings, Griffin, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, Transport Indemnity Company (Transport), filed this action seeking a declaratory judgment that the comprehensive automobile liability insurance policy issued by defendant, Liberty Mutual Insurance Company (Liberty) to Marty's Express Company (Marty's) covered the injury suffered on November 2, 1967, by David Rispo, an employee of Marty's. Defendant admits that "[o]n November 2, 1967, there was a policy of insurance in effect issued by defendant, Liberty . . ., to Marty's . . ." but, not surprisingly, contends that the Liberty policy does not afford coverage to David Rispo's injury. In accordance with that position defendant, relying on the decision in *Pennsylvania Manufacturers Association Insurance Co. v. Aetna Casualty and Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967) (*PMA v. Aetna*), moved for summary judgment. In an Order of February 19, 1975, we denied the motion of defendant for summary judgment. In that Order we concluded that *PMA v. Aetna* controls this case but that there remained a genuine issue of material fact which precluded summary judgment.[1] That issue was whether or not the injury to David Rispo arose out of and in the course of his employment with Marty's.

On April 18, 1975, we held a non-jury trial pursuant to Fed.R.Civ.P. 42(b)[2] on

---

1. Summary judgment is proper only when "there is no genuine issue as to any material fact . . . ." Fed.R.Civ.P. 56(c).

2. Fed.R.Civ.P. 42(b) provides:
(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of . . . any separate is-

the sole issue of whether or not the injury suffered on November 2, 1967, by David Rispo arose out of and in the course of his employment with Marty's. We held the trial at the request of counsel for both parties who felt that assuming we were to abide by our initial decision that *PMA v. Aetna* controls this action, a resolution of the issue of whether or not the injury to Rispo arose out of and in the course of his employment might obviate the need for a lengthy trial on many other issues. At the time of trial, we advised counsel that we would issue a memorandum detailing our findings of facts and conclusions of law on the factual issue in question and explaining our decision that *PMA v. Aetna* controls this action.

### FINDINGS OF FACT

1. Plaintiff is a corporation with its principal place of business in California.

2. Defendant is a corporation with its principal place of business in Boston, Massachusetts.

3. Both plaintiff and defendant are insurance corporations licensed to engage in the casualty business in the Commonwealth of Pennsylvania.

4. Defendant has an office at 15 Esso Road, Bala Cynwyd, Pennsylvania.

5. On November 2, 1967, Marty's was the named insured under an automobile comprehensive insurance policy issued by defendant Liberty.

6. On November 2, 1967, Marty's was the named insured under a workmen's compensation policy issued by defendant Liberty.

7. On November 2, 1967, Motor Freight Express, Inc., was the named insured under an automobile comprehensive insurance policy issued by plaintiff Transport.

8. On November 2, 1967, Motor Freight Express, Inc., was the named insured under a workmen's compensation policy issued by plaintiff Transport.

9. On November 2, 1967, David Rispo, employed generally by Marty's, was directed to pull a trailer by tractor from the yard of Motor Freight Express Inc., in Philadelphia to the premises of J. A. Cunningham, Inc., in Philadelphia. Pursuant to these directions, David Rispo pulled the trailer by tractor to J. A. Cunningham where the trailer was to be partially unloaded by J. A. Cunningham's employees.

10. According to the testimony of Dominick Marano, Vice-President of Marty's, and David Rispo, which testimony we found highly credible, David Rispo, as the driver of the tractor-trailer, became responsible for the load when he left Motor Freight Express, Inc., heading for J. A. Cunningham.

11. After J. A. Cunningham's employees partially unloaded the trailer, David Rispo, upon noticing that some of the remaining load, crates of glass, were improperly secured, attempted to secure the load by nailing pieces of scrap lumber as additional bracing.

12. While attempting to secure the crates of glass, one of the crates fell, seriously injuring David Rispo.

13. Based on the testimony of Dominick Marano, Vice-President of Marty's, and David Rispo, David Rispo was performing the function of a tractor-trailer driver when he attempted to secure the crates of glass which he was transporting.

14. On June 19, 1968, a workmen's compensation hearing was held, the result of which was a finding that David Rispo was entitled to workmen's compensation from Marty's. Defendant Liberty has been paying the workmen's compensation to David Rispo.

15. On or about November 3, 1969, David Rispo instituted a civil suit in

sue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

trespass in the Court of Common Pleas, Philadelphia County, against Motor Freight Express, Inc., for the injuries he incurred on November 2, 1967. In his complaint he alleged that he was working as an employee of Marty's and that the trailer was operated, managed, possessed, controlled, and loaded by Motor Freight Express, Inc. Motor Freight Express, Inc., failed to file an answer denying these allegations, and, therefore, in accordance with Pennsylvania law, these allegations, for the purposes of the case in which they were made, were admitted. That suit has been defended from its outset by Transport Indemnity on behalf of Motor Freight Express, Inc.

16. On October 8, 1974, a jury in the Common Pleas Court action returned a verdict in favor of David Rispo and against Motor Freight Express, Inc., in the sum of $734,434.00. Motor Freight Express, Inc., has moved for a new trial and judgment notwithstanding the verdict.

## CONCLUSIONS OF LAW

1. Jurisdiction of this court is based on 28 U.S.C. section 1332.

2. Defendant has established by a preponderance of the evidence that the injury which David Rispo incurred on November 2, 1967, arose out of and in the course of his employment with Marty's.

## DISCUSSION

We find that *PMA v. Aetna* controls this case. The issue in *PMA v. Aetna* was identical to the issue here, and the factual patterns are substantially similar. While the Liberty policy and PMA policy are not worded in exactly the same manner, the differences are insignificant.

The disagreement in *PMA v. Aetna* was between two insurance companies over the interpretation of the word "insured" in the employee exclusion clause of a standard automobile bodily injury liability policy issued by PMA to Harry B. Niehaus, Jr. The clauses in question provided:

### Exclusions

This policy does not apply:

(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured if benefits therefore are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured.

III Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person, while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.

The disagreement in this action is between two insurance companies over the interpretation of the word "insured" in a comprehensive automobile liability insurance policy issued by defendant Liberty to Marty's. The clauses in question here provide:

### Exclusions

This insurance does not apply:

(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be pro-

vided under any workmen's compensation law.

### Persons Insured

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured;

(b) . . .

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower.

In *PMA v. Aetna* an accident occurred in which Clyde A. Skinner, a driver of a Niehaus truck, was injured. Skinner had driven the truck to the premises of Delaware Valley Wool Scouring Company (Delaware) where a Delaware employee, in the course of his employment, injured Skinner when he negligently operated a Delaware-owned forklift in unloading the Niehaus truck. Skinner sued Delaware in the Court of Common Pleas of Philadelphia County. The case was settled prior to trial for $37,500. Here, an accident occurred in which David Rispo, an employee of Marty's, was injured. He had driven a trailer from Motor Freight Express, Inc., to J. A. Cunningham, Inc., where he was injured when the load he was transporting fell on him. Rispo sued Motor Freight Express, Inc., in the Court of Common Pleas of Philadelphia County. A jury returned a verdict in favor of Rispo and against Motor Freight Express, Inc., in the amount of $734,434.00.

The Court in *PMA v. Aetna* framed the issue in the case as:

[W]hether the employee exclusion clause of the PMA policy excludes liability to an employee of Niehaus, the named insured, in an action against Delaware, the omnibus insured. . . . The dispute centers upon the meaning of "insured". Appellee PMA contends that the exclusion applies, pointing to the definition of Insured in the policy; "III. Definition of Insured (a): With respect to the insurance for bodily injury liability . . . the unqualified word 'insured' includes the named insured."

Aetna, on the other hand claims that "insured" in the employee exclusion must be confined to mean this particular insured claiming coverage, here Delaware. Since Skinner is not an employee of Delaware, the exclusionary clause would be inoperative, and PMA would be liable under the policy.

Here the issue is whether the employee exclusion clause of the Liberty policy excludes liability to an employee of Marty's, the named insured, in an action against Motor Freight, the omnibus insured. Defendant Liberty, pointing to the definition of the insured in the policy, contends that the exclusion applies. Plaintiff, on the other hand, claims that "insured" in the employee exclusion must be confined to mean the particular insured claiming coverage, here Motor Freight; since Rispo is not an employee of Motor Freight, the exclusionary clause would be inoperative, and Liberty would be liable under the policy.

In *PMA v. Aetna* the Supreme Court of Pennsylvania accepted PMA's argument and held that the exclusion clause clearly and unambiguously excluded coverage for Skinner's injury. In doing so the Court accepted PMA's argument that since the named insured already covered his employees with a workmen's compensation policy, it would be unreasonable for it to pay for duplicating coverage benefitting an unknown third per-

son (Delaware).[3]  Similarly, we accept Liberty's argument and find that the exclusion clause in question here clearly and unambiguously excludes coverage for bodily injury of an employee of the named insured if the injury arose out of and in the course of his employment. Accordingly, having decided that David Rispo's injury arose out of and in the course of his employment, we shall enter judgment for defendant Liberty.[4]

3.  In deciding that Skinner's injury was not covered by the PMA policy the Supreme Court of Pennsylvania rejected Aetna's argument that the severability of interests clause inserted into the policy reflects a decision that the employee exclusion clause must be read as "insured being sued". Similarly, we reject plaintiff Transport's argument that the severability of interests clause reflects a decision that the employee exclusion clause must be read as "insured being sued".

4.  Prior to the decision in *PMA v. Aetna* there were a series of decisions in this district which, interpreting similar exclusion clauses, concluded that "insured" in the employee exclusion clause must be confined to mean the particular insured claiming coverage.  See, *Western Freight Association v. Aetna Casualty & Surety Co.*, 255 F.Supp. 858, 861 (E.D.Pa.1966) and citations therein.  Even though we may agree with these decisions we are constrained to follow the decision in *PMA v. Aetna.*  See *Erie v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).