Pennsylvania Manufacturers' Association Insurance Company *v.* Aetna Casualty and Surety Insurance Company, Appellant.

Argued April 25, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*T. E. Byrne, Jr.,* with him *Robert K. Wood, Michael E. Quinlan,* and *Krusen, Evans and Byrne,* for appellant.

*Joseph H. Foster*, with him *White and Williams*, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 26, 1967:

The instant appeal presents a dispute between two insurance companies over the interpretation of the word "insured" in the employee exclusion of the Standard Automobile Insurance Policy. The appeal is from the grant of plaintiff's motion for judgment on the pleadings.

The facts are as follows: Plaintiff-appellee, Pennsylvania Manufacturers' Association Insurance Company (PMA), issued a standard automobile bodily injury liability policy to Harry B. Niehaus, Jr. (Niehaus), as well as a separate workmen's compensation policy. Defendant-appellant, Aetna Casualty and Surety Insurance Company (Aetna) insured Delaware Valley Wool Scouring Company (Delaware) for comprehensive bodily injury liability. Aetna's policy with Delaware provided that if the insured (Delaware) had other insurance against a loss covered by the policy, the Delaware policy should be excess insurance where the loss arises out of the use of any nonowned automobile. Since the PMA policy, if Delaware is insured under it, is sufficient to cover the claim, which does arise out of the use of a nonowned automobile, the question becomes whether Delaware is insured under the PMA policy.

The accident occurred on September 23, 1963, at which time Clyde A. Skinner (Skinner), a driver of a Niehaus truck, was injured. He had driven the truck to Delaware's premises, where a Delaware employee, Arthur C. Scott, in the course of his employment, negligently operated a Delaware-owned fork-lift in unloading the Niehaus truck, and thereby injured Skinner.

Skinner instituted suit against Delaware in the Court of Common Pleas of Philadelphia County. By agreement, PMA undertook the defense, and settled prior to trial for $37,500. The agreement between PMA and Aetna provided that the defense was assumed on condition that the two companies would submit the question of liability to the court as one of law.

Both Aetna and PMA agreed that Delaware became PMA's insured under the PMA policy's "omnibus clause". That clause provided insurance for bodily injury "arising out of the . . . use of the automobile." The unloading of the Niehaus truck was an insured use of the truck.

The question for this court is limited to whether the employee exclusion clause of the PMA policy excludes liability to an employee of Niehaus, the named insured, in an action against Delaware, the omnibus-insured. Exclusion (d) provides that the policy does not apply: ". . . to bodily injury . . . of any employee of the *insured* . . ." (Emphasis added). The dispute centers upon the meaning of "insured". Appellee, PMA, contends that the exclusion applies, pointing to the definition of insured in the policy: "III. Definition of Insured: (a) With respect to the insurance for bodily injury liability . . . the unqualified word 'insured' includes the named insured."

Aetna, on the other hand claims that "insured" in the employee exclusion must be confined to mean the particular insured claiming coverage, here Delaware. Since Skinner is not an employee of Delaware, the exclusionary clause would be inoperative, and PMA would be liable under the policy.

The court below held that employees of the named insured fall within the employee exclusion and accordingly found for the plaintiff, PMA. We affirm that decision.

Appellant, Aetna, as we have pointed out, feels that "insured" in the employee exclusion clause must be read as "insured being sued". It bases such a view on its interpretation of the "Severability of Interests" clause inserted into the Standard policy in 1955, stating that "the term 'the insured' is used severally and not collectively." Aetna relies heavily on the interpretation of that clause by certain members of the insurance industry who were instrumental in its adoption.

We are not swayed by those views, for several reasons. In the first place, it is doubtful that these industry spokesmen were really placing great emphasis upon the severability of interests clause, for they had adhered to the same interpretation even before that clause was added. We might point out here that it is somewhat incongruous that Aetna should rely so heavily on authorities for whom the severability of interests clause is practically irrelevant, and at the same time place much emphasis on subtle differences of language between the instant clause and that in *Great Am. Ins. Co. v. St. Farm Mut. Automobile Ins. Co.,* 412 Pa. 538, 194 A. 2d 903 (1963).

Moreover, we have little fear of the chambers of horrors conjured up by Norman Risjord, Aetna's chief authority. He seems to feel that a holding here that "insured" does indeed include the named-insured will have serious repercussions in several other areas of automobile insurance law. Such an ominous reading of this decision would indeed, as Aetna says, fail to give effect to all of the terms and conditions of the PMA policy, thus violating accepted criteria for contract interpretation. However, appellant misreads the impact of the lower court decision here. "The insured" has *not* been interpreted to mean "an insured" or "any insured". It has merely been interpreted as the language dictates, to include the named insured.

Only under appellant's hypothetical interpretation is the assault and battery condition rendered meaningless, or the cooperation condition, or the reporting requirement mutilated. Consider for instance the cooperation condition: "The insured shall cooperate with the company . . ." A holding that insured includes the named insured surely cannot have adverse effects. Even if it were to be held that insured also **includes a driver** who does not cooperate, this does not preclude recovery for the named insured, for the very reason that the "Severability of Interests" clause applies.

Neither the court below nor this court is reading the Severability of Interests clause out of the policy. What we are doing is interpreting the unambiguous language of the contract. That is one more reason why the interpretation of the insurance industry spokesmen does not sway us. As appellee points out, in *Topkis v. Rosenzweig,* 333 Pa. 529, 5 A. 2d 100 (1939), this court said: "It is settled that where the language of the policy is clear and unambiguous it cannot be construed to mean otherwise than what it says. It must be given the plain and ordinary meaning of the terms used: . . ." When the language is "the unqualified word 'insured' includes the named insured", there is no room to seek the interpretation of industry spokesmen.

Furthermore, were we to go outside the four corners of the instrument, just as reasonable a place to look would be the intention of the parties to the contract. Appellee makes the compelling argument that Niehaus, the named-insured, would not intend coverage for his employee in these circumstances. Niehaus had already covered his employees with a workmen's compensation policy. It would be unreasonable for Niehaus to pay for duplicating coverage benefiting an unknown third person (Delaware).

Thus far we have considered this case as if it were one of first impression, in order to address ourselves to the issues raised in appellant's brief, and perhaps bring a halt to the litigation of this issue. In actuality, two recent cases are directly in point, and are cited by the court below as controlling. These are *Great Am. Ins. Co. v. St. Farm Mut. Automobile Ins. Co.,* supra, and *Patton v. Patton,* 413 Pa. 566, 198 A. 2d 578 (1964). Although other jurisdictions are divided on the question at issue, the Pennsylvania law is clear. In *Great American,* State Farm insured the owner of a car whose son was insured by the Great American Company. The son claimed against the driver. State Farm's policy contained an exclusion for bodily injury to any member of the family of "the insured". Insured was defined, as in PMA's policy, to include the named insured. Great American argued that insured meant the defendant, since coverage extended to those driving with the permission of the owner. We rejected that argument, the same one now being thrust upon us by Aetna. We stated: "There does not seem to be any ambiguity in the State Farm policy in that the policy states under the paragraph referring to the 'insured' that the word 'insured' includes the named insured." We went on to cite with approval a Minnesota case having identical facts, *Pearson v. Johnson,* 215 Minn. 480, 10 N.W. 2d 357 (1943):
". . . The word 'insured' is defined by the policy itself to include for the purposes named at all times the named insured, Pearson. That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured and his family from recovering for their own injuries. The policy is essentially a liability and not an accident policy. . . ."

Similarly, in our case the provisions creating additional insureds (those using the vehicle) cannot change the essential exclusion for employees of the named insured. *Patton v. Patton,* supra, reiterated what we said in *Great American:* "In the light of appellee's request that Great American be reconsidered, we have reevaluated that ruling and we are convinced that Great American should stand. The thrust of Great American is that the exclusionary clause of the policy excludes from policy coverage *any* claims for damages for bodily injuries of co-resident members of the family of the *named insured."* (Emphasis in original) We find no relevant distinction at all between the family exclusion at issue in *Great American* and *Patton,* and the employee exclusion at issue here. *Bushong, Inc. v. Travelers Insurance Co.,* 231 F. Supp. 128 (D.C.M.D. Pa.)

Nor can we distinguish *Great American* and *Patton* on the basis of slightly different "Severability of Interest" clauses in the PMA policy and the State Farm policy involved in both earlier cases. The court below has noted the similarity of attack, on the applicability of *Great American,* in the instant case and in *Patton.* Both here and in *Patton,* the attack is predicated on policy language. Just as there the variation in omnibus clauses was called "a distinction without a legally significant difference", *Patton* at 571, so too here the variation in severability of interests clauses is such a distinction without a difference. The important thing in all cases is the unambiguous language of the policy, "the unqualified word 'insured' includes the named insured."

Both policy and precedent require the affirmation of the judgment.

Judgment affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.