**CENTENNIAL INSURANCE COMPANY and Champ Ale Brewery, Inc.**

v.

**HOME INSURANCE COMPANY and Jerald McCall.**

Civ. A. No. 80–4582.

United States District Court, E. D. Pennsylvania.

April 27, 1981.

---

John F. Naulty, Philadelphia, Pa., for plaintiff Centennial Ins. Co.

John Patrick Kelley, Daniel F. Monahan, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant Home Ins. Co.

## MEMORANDUM

GILES, District Judge.

Plaintiff, Centennial Insurance Company, has brought suit against Home Insurance Company seeking declaratory judgment as to which party's insurance policy covers injuries sustained by a truck driver due to the alleged negligence of a third party to which goods were delivered. In essence, the lawsuit between insurers is to determine which owes a defense in the underlying personal injury action.

Centennial has moved for summary judgment contending that the third party was an insured within the meaning and intent of Home's policy. Home has answered that there is no coverage because, *inter alia*, there is specific exclusion for personal injuries for which the employer insured would be liable under workmen's compensation laws. The parties have stipulated as follows:

## I. STIPULATION OF FACTS

1. Centennial Insurance Company is a New York corporation doing business in Pennsylvania.

2. Champ Ale is a New Jersey corporation doing business in Pennsylvania.

3. Home Insurance Company is a New Hampshire corporation.

4. Jerald McCall is a citizen and resident of Pennsylvania.

5. On August 14, 1979 Jerald McCall was involved in an accident at the plant site of Champ Ale.

6. At all times pertinent hereto McCall was an employee of National Sugar Company and acting within the course and scope of his employment. McCall was at the plant site of Champ Ale to deliver liquified sugar.

7. McCall had unloaded his truck by connecting a hose to a fitting outside the Champ Ale plant.

8. McCall made the hook-up to a valve on the outside of the building using his three inch hose and a snap-on.

9. After the hose was connected to the valve, McCall pumped his load into the building without incident.

10. After the truck was emptied of sugar the plant personnel at Champ Ale filled the truck with hot water.

11. According to McCall his truck would not be able to repump the hot water back into the plant.

12. According to McCall the personnel at the plant told him that the water was shut off. At that point, McCall signed out and was told by Willie James Lewis, an employee of the plant, that it was alright to disconnect his hose.

13. At that point McCall attempted to disconnect the hose which was attached to his truck.

14. At the same time McCall was disconnecting the hose, another plant employee opened the water valve to back-flush the plant pipes.

15. When McCall attempted to disconnect the hose, hot water sprayed on McCall's leg causing burns for which he has now brought an action against Champ Ale.

16. At all times pertinent hereto the National Sugar Company had a policy of automobile insurance with the Home Insurance Company.

17. The definition of insured in the business auto policy is as follows:

"Insured means any person or organization qualifying as an insured in the "who is insured" section of the applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made or a suit is brought."

18. The definition of "who is insured" is as follows:

1. "You are an insured for any covered auto;

2. "Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
   a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
   b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
   c. Anyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto.

3. "Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own."

19. The business auto policy excludes coverage as follows:

"Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law."

20. The Home business auto policy further defines who is insured as follows:

"Who is insured does not include anyone loading or unloading a covered auto except you, your employee, the lessee or borrower or any of their employees."

21. The Home business auto policy further excludes coverage as follows:

"Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured."

22. At all time pertinent hereto the Champ Ale Brewery, Inc. had a general comprehensive liability insurance policy with Centennial Insurance Company which covered Champ Ale Brewery for all damages because of bodily injury caused by an occurrence.

Home insured the truck under a business automobile insurance policy issued to its owner, National Sugar Company, employer of the driver. Centennial issued a general comprehensive liability policy to Champ Ale Brewery, Inc. covering all damages because of bodily injury caused by an occurrence. The National Sugar truck driver Jerald McCall was injured when hot water was accidentally pumped by Champ Ale employees.

It has been stipulated between the parties that McCall, when injured, was acting within the course and scope of his employment with National Sugar. It has also been stipulated that the Home automobile policy specifically excluded coverage for bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. It also excluded coverage of any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

■ In view of the stipulations, it is beyond question that McCall was or should have been covered under New Jersey's workmen's compensation law. Centennial does not contend to the contrary. For this reason, alone, the Court concludes that Home's policy specifically excluded coverage for McCall's workmen's compensation injury. *Pennsylvania Manufacturers Association Insurance Co. v. Aetna Casualty and Insurance Co.*, 426 Pa. 453, 233 A.2d 548 (1967) ("PMA v. Aetna"); *Transport Indemnity Co. v. Liberty Mutual Ins. Co.*, 398 F.Supp. 1026, 1029–30 (E.D.Pa.1975). As in *Transport*, and *PMA*, here, there is a clear and unambiguous exclusion of coverage for bodily injuries to employees of the insured employer for which it is liable under workmens' compensation laws.

■ Centennial's argument appears to rest entirely upon the contention that there is coverage under the Home policy because it defines insured including anyone using the truck with permission and because the policy covers loading and unloading opera-

304

tions by means of a mechanical device attached permanently to the covered vehicle. These arguments do not help Centennial because the Home policy unambiguously includes National Sugar as a named insured and therefore excludes coverage for workmens' compensation injuries to employees. *PMA v. Aetna, supra, Great American Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 412 Pa. 538, 194 A.2d 903 (1963); *Patton v. Patton*, 413 Pa. 566, 198 A.2d 578 (1964). In *PMA* the Pennsylvania Supreme Court held that where the coverage for the named insured is clear it is of no moment that there may be policy provisions creating additional insureds. Such provisions cannot change the essential exclusion for employees of the named insured. 453 Pa. at 459, 233 A.2d 548. Under Pennsylvania law, the court must read the policy provisions so as to avoid ambiguities if the plain language of the insurance contract permits. *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974); *Eastern Associated Coal v. Aetna Casualty & Surety*, 632 F.2d 1068, 1975 (3 Cir. 1980). Here, there is no ambiguity in the policy. Champ Ale is not an insured under the stipulated facts. At no time did it use, borrow or possess the National Sugar truck. At the time of the accident, McCall was using Champ Ale's facilities in that he asked for and received hot water from the plant for his convenience to wash out the truck. (Lewis Deposition, N.T. 5–6). Granting use of the water for that purpose was voluntary and discretionary with Champ Ale. (*Id.*)

In light of the foregoing discussion, the court need not decide whether McCall was engaged in loading or unloading operations at the time of the accident.

An appropriate order will be entered in favor of Home and against Centennial.