502 A.2d 239

**Dorothy PARKER**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1985.

Filed Dec. 20, 1985.

342

Walter T. McGough, Jr., Pittsburgh, for appellant.

Herbert M. Lurie, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and FEENEY, JJ.*

BROSKY, Judge:

This case is before us on appeal from judgment entered for appellee Dorothy Parker, the beneficiary of an insurance policy issued by appellant insurance company on the life of Chester Parker. Mr. Parker was killed in an automobile accident on October 3, 1981, on the 40th Street Bridge in Pittsburgh. The sole issue raised on appeal is whether or not the insurance policy in question precludes recovery due to the insured having been "injured" as the result of his own intoxication. Appellant argues that the trial court erred in finding that the term "injury" in the Definitions and Exceptions section of the policy did not unambiguously include death, and in awarding benefits to appellee notwithstanding the fact that the insured died as the result of an

---

\* The Honorable John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

injury incurred due to the insured being under the influence of an intoxicant. We find appellant's argument persuasive, and, accordingly, we reverse.

The case was originally tried before a Board of Arbitration, which found for appellee. The case was then appealed to the Court of Common Pleas for a de novo trial, and was decided, non-jury, as a "case stated" with a written stipulation of facts. The parties agreed that the deceased was insured for $10,000 at the time of his death under appellant's "100 Plus 10" travel accident policy, and that "[t]he collision causing Chester Parker's death occurred as a result of Chester Parker being under the influence of an intoxicant." The trial court also found for appellee, finding ambiguity in the policy.

The certificate of insurance issued to the deceased reads as follows:

Washington National Insurance Company ... HEREBY INSURES the person named in the Schedule of Certificate Information on the filing back of Page four hereof (the Insured) for the period (beginning with the effective date shown in such schedule at 12:01 A.M., Standard Time at the place where the Insured resides), that he remains a member in good standing of the Club, against loss of life and for hospitalization resulting from accidental bodily injury sustained while this Certificate is in force subject to all conditions and limitations of the Group Accident Policy, and sustained by the insured only in the manner described before (hereinafter called Such Injury).

(1) AUTOMOBILE AND BICYCLE. While driving or riding in any automobile, taxicab, bus, truck, camper, motor-home, non-motorized bicycle or adult tricycle.

. . . .

SECTION ONE    INDEMNITY FOR LOSS OF LIFE
The Company will pay the sum of $10,000.00 if Such Injury shall be sustained which results in death.
SECTION TWO    HOSPITAL INDEMNITY
If Such Injury shall confine the Insured to a lawfully operated hospital within ninety days from the date of

accident, the company will pay $100.00 per day for as long as the Insured lives and remains so confined, provided such confinement is recommended by a currently licensed physician or surgeon.

. . . .

## DEFINITIONS AND EXCEPTIONS

*This certificate does not cover:* (1) suicide or any attempt thereat (while sane or insane); or (2) injury sustained by war or any act of war (declared or undeclared) or while engaged in military or naval service, in time of war (declared or undeclared); or (3) confinement in any hospital or convalescent facility contracted for or operated by the United States Government or its Veterans Administration; or (4) *injury incurred due to the Insured being under the influence of any intoxicant* or narcotic (except as prescribed by a physician).... (Emphasis added.)

Where a provision of an insurance policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. See *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974). Where the language of the insurance policy is clear and unambiguous, however, the courts may not ignore that clear language and construe the contract against the insurer. See *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), and *Pennsylvania Manufacturers' Ass'n Insurance Co. v. Aetna Casualty & Surety Co.*, 426 Pa. 453, 233 A.2d 548 (1967).

We find no ambiguity in the insurance policy in the case before us. Although the policy itself does not define the word "injury", we find that it must be construed to include death, which is merely one kind of injury, a *fatal* injury. We would hardly find that a *disfiguring* injury or a *disabling* injury was not covered simply because the word "injury" was not specifically defined to include those types of injury. In addition, we note that section 103 of the Pennsylvania No-fault Motor Vehicle Insurance Act (hereinafter

referred to the Act) defines "Injury" as "accidentally sustained bodily harm ... or death resulting therefrom." One of the purposes of the Act is to promote "uniformity as to the essential elements of the system of motor vehicle accident and insurance law to avoid confusion, complexity, uncertainty, and chaos which would be engendered by a multiplicity of noncomplementary systems." Section 102(a)(8). In the case before us, finding that the term "injury" includes fatal injury results in consistency with the Act, and therefore promotes its stated purposes.

The certificate of coverage previously quoted clearly excludes coverage under the facts of this case. Even our examination of the master policy and the brochure does not lead to a contrary conclusion. We therefore find that the trial court erred in entering judgment in favor of appellee.

Judgment reversed, and case remanded to the trial court for entry of judgment in favor of appellant. Jurisdiction relinquished.