**Racilla v. Prudential Property and Casualty Insurance Co.**

*Robert C. Saidis,* for plaintiff.
*Jeffrey B. Rettig,* for defendant.

SHEELY, *P.J.,* December 31, 1985—Plaintiff, while covered by a policy of defendant-insurer, was involved in an automobile accident on October 21, 1983. She sustained serious bodily injury and is a paraplegic residing at the Susquehanna Center.

The amended complaint seeks benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act* (the act) for plaintiff's use of a van that is equipped to transport the handicapped. The damages claimed are for trips from the Center in Harrisburg, to visit her family in Mechanicsburg. Like the original complaint, the amended complaint claims benefits as allowable expenses and/or replacement services loss. Defendant has filed preliminary objections in the form of a demurrer.

The amended complaint claims that the use of the van is an allowable expense, in that it is a service provided by or through an accredited health care facility to secure necessary vocational rehabilitation services. As we intimated in our opinion of August 1, 1985, we feel that the services were not

---

* The Act of 1974, P.L. 489, 40 P.S. §1009, et seq. (Repealed 1984).

provided by or through the Susquehanna Center. To hold otherwise would torture the language of the Act merely to create an ambiguity. See Urian v. Scranton Life Ins. Co., 310 Pa. 144, 165 A.21 (1933).

On the other hand, after careful re-examination, we feel that the use of the van is covered by replacement services loss. When interpreting an insurance contract, "[t]he court should read policy provisions so as to avoid ambiguities if the policy language of the contract permits." Pennsylvania Manufacturers' Association Insurance Co. v. Aetna Casualty & Sur. Ins. Co., 426 Pa. 453, 233 A.2d 548 (1967). A court should not torture the language of a policy to create ambiguities. Urian v. Scranton Life Ins. Co., 310 Pa. 144 (1933). If the language is unambiguous, interpretation of the contract is a matter of law for the court. Adelman v. State Farm Mut. Auto Ins. Co., 255 Pa. Super. 116, 386 A.2d 535 (1978). Sourbeer v. Nationwide Insurance Co., 504 Civil 1985, slip op. (Cumberland County, Pa., August 23, 1985). Section 1009.103 of the Act defines replacement services loss as "expense reasonably incurred in obtaining *ordinary and necessary services in lieu of those the victim would have performed,* not for income, but for the benefit of himself or his family, if he had not been injured." (Emphasis added.) Our analysis hinges on whether the plaintiff's transportation can be includable as a service. Webster's dictionary defines service "as an act giving assistance or advantage to another [or] the result of this." The transportation provided by the handicapped van is assistance that falls within this definition of service.

Defendant in the demurrer states that since plaintiff did not need a handicapped van before the accident, it cannot qualify as a replacement service.

This ignores the fact that plaintiff alleges she was capable of transporting herself. The van provides a services that replaces one which plaintiff provided for herself. To accept defendant's reading of the statute would clearly violate the legislature's stated intent in drafting the Act. See Varner v. Nationwide Mutual Insurance Company, 340 Pa. Super. 211, 489 A.2d 918, 919 (1985). We therefore hold that the use of the handicapped van may qualify as a replacement services loss under the Act.

## ORDER OF COURT

And now, this December 31, 1985, the court sustains the demurrer to the complaint as to that part which claims damages as an allowable expense and denies the demurrer to that part of the complaint seeking damages as replacement services loss.