**ThyssenKrupp Elevator Corporation v. Humford Equities**

C.P. of Luzerne County, no. 18390-2009.

*Katherine Mowll,* for plaintiff.
*Michael P. Perry,* for defendant.

VAN JURA, *J.,* August 17, 2010—This matter is before the court on the motion for summary judgment of plaintiff, ThyssenKrupp Elevator Corporation, filed May 14, 2010.

The issues have been briefed, and argument was held on July 30, 2010.

On March 6, 2002, defendant, Humford Equities, contracted with plaintiff, Thyssen, for the maintenance of three elevators located in the Wilkes-Barre Center at 39 Public Square, Wilkes-Barre, Pennsylvania, by means of an elevator maintenance agreement.

On December 15, 2005, while the said agreement was still in effect, two separate personal injury actions were filed by different plaintiffs against Thyssen, as well as Humford, and other entities, alleging that plaintiff, Thyssen, failed to properly maintain one of the elevators at the Wilkes-Barre Center, allegedly resulting in personal injury to certain of the plaintiffs.

On December 29, 2009, Thyssen filed this action for declaratory judgment pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq., alleging breach of contract on the part of Humford for failure to provide defense and indemnity to Thyssen in the

personal injury actions (Count I) and failure to name Thyssen as an additional insured on Humford's policy of liability insurance (Count II).

On May 14, 2010, Thyssen filed this motion for summary judgment alleging that following the filing of the above two personal injury actions, Thyssen tried, without result or success, to bring to the attention of all parties, the following language found in the elevator maintenance agreement between Thyssen and Humford:

"In consideration of ThyssenKrupp Elevator performing the services herein specified, you expressly agree to indemnify, defend, save harmless, discharge, release and forever acquit ThyssenKrupp Elevator Corporation, our officers, agents, and employees from and against any and all claims, demands, suits, and proceedings brought against us or our employees of any nature whatsoever, including but not limited to loss, damage, injury or death that are alleged to have arisen from or alleged to be in connection with the presence, use, misuse, maintenance, installation, removal, manufacture, design, operation or condition of the equipment covered by this agreement, or the associated areas surrounding such equipment, specifically including claims or losses alleged or proved to have arisen from the joint or sole negligence of ThyssenKrupp Elevator Corporation or our employees.

"You expressly agree to name ThyssenKrupp Elevator as an additional insured in your liability and excess (umbrella) liability insurance policy(ies). Such insurance must insure us for those claims or losses referenced in the above paragraph. You hereby waive the right of subrogation."

Thyssen's motion for summary judgment seeks declarations that Humford is, by virtue of the above provi-

sions: (1) obligated to both defend and indemnify Thyssen in the underlying personal injury actions above referenced; and (2) that Humford breached the maintenance agreement by failing to name Thyssen as an additional insured.

For the reasons set forth below, this court grants that portion of the motion for summary judgment and hereby holds that Humford is required to defend Thyssen in the two underlying actions; dismisses as premature that portion of the motion for summary judgment requesting a declaration that Humford has a duty to indemnify Thyssen; and denies that portion of the motion for summary judgment requesting a declaration that Humford is in breach of the maintenance agreement for allegedly failing to name Thyssen as an additional insured.

The primary goal of a court in interpreting a contract is to ascertain the parties' intentions as manifested in the contract terms. Courts cannot assume that the language was chosen carelessly. In determining what the parties intended by their contract, the law must look to what they clearly expressed. *Kvaerner Metals v. Commercial Union Insurance Company,* 589 Pa. 317, 908 A.2d 888 (2006); *401 Fourth St. Inc. v. Investors Insurance Group,* 583 Pa. 445, 879 A.2d 166 (2005).

In a declaratory judgment action, just as in civil actions generally, summary judgment may be granted only in those cases where the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hydropress Environmental Services Inc. v. Township of Upper Mount Bethel, County of Northampton,* 575 Pa. 479, 836 A.2d 912 (2003).

The defendant, Humford, in opposition to the motion alleges: (1) the indemnity and duty to defend clause in the maintenance agreement is so broad that it is unenforceable, especially since Thyssen, the indemnitee, seeks defense and indemnity against its own claimed negligence; and (2) any duty to defend would not be triggered until the resolution of the two underlying actions.

Humford's first argument, that the duty to defend and indemnify language is so broad as to run afoul of the Perry-Ruzzi Rule (*Ruzzi v. Butler Petroleum Company,* 527 Pa. 1, 588 A.2d 1 (1991) *reaffirming Perry v. Payne,* 217 Pa. 252, 66 A. 553 (1907)) misapprehends the construction and application of that rule as applied to the contract language in question.

*Ruzzi, supra* at 7, 588 A.2d at 4 holds:

"if parties intend to include within the scope of their indemnity agreement a provision that covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language. No inferences from words of general import can establish such indemnification." (citations omitted)

In *Ruzzi, supra* at 8, 588 A.2d at 4-5, the indemnity clause read as follows:

"[The Zinssers] . . . exonerate, discharge, and agree to protect and save harmless and indemnify [Butler Petroleum] . . . from any and all liability for claims for loss, damage, injury or other casualty to persons or property . . . caused or occasioned by any leakage, fire, explosion or other casualty occurring through any imperfection in, injury or damage to, or by reason of the installation, use,

operation and/or repair of the said equipment or of the premises."

The Supreme Court in *Ruzzi, supra* at 9, 588 A.2d at 5, concluded that the above language was insufficient to evidence an intent to indemnify for negligent acts of the indemnitee since "words of general import are used."

The *Ruzzi* court followed the Supreme Court's prior holding in *Perry v. Payne,* 217 Pa. 252, 66 A. 553 (1907) which held that:

"there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. No words of general import can establish it." *Perry* at 262, 66 A. at 553.

Applying the Perry-Ruzzi Rule, which counsel for the parties agree is both applicable and controlling, this court, after a careful review of the contract language at issue, is constrained to conclude that the Perry-Ruzzi test has been met and that the duty to defend language contained in the elevator maintenance agreement between the parties is sufficiently specific to evidence the clear intent of the parties.

The duty to defend is distinct from, but broader than, the duty to indemnify. *General Accident Insurance Company of America v. Allen,* 547 Pa. 693, 692 A.2d 1089 (1997).

As the Perry-Ruzzi Rule is applied solely to the duty to defend language in the elevator maintenance agreement, this court finds that the duty to defend language in the elevator maintenance agreement is both clear, unambiguous and specific:

*"you expressly agree to . . . defend . . . ThyssenKrupp
. . . from* and against any and all claims . . . suits, and
proceedings brought against us . . . including but not
limited to loss, damage, injury or death . . . including
claims *alleged or proved* (emphasis added) to have
arisen from the joint or sole negligence of ThyssenKrupp
Elevator . . . ."

The duty of defendant, Humford, to defend Thyssen
in the underlying lawsuits is articulated with legally suf-
ficient specificity and is a legally binding obligation of
Humford.

With respect to Humford's second argument, as to
when the duty to defend is triggered, Humford, relying
on *Carson/DePaul/Raymos v. Driscoll/Hunt,* 2006 WL
2009 047 (Pa. Com Pl.), argues that the duty to defend
in the elevator maintenance agreement will not be trig-
gered until the resolution of the underlying claim against
Thyssen. In *Carson,* however, the indemnitor only con-
tracted to defend the indemnitee where its duty to indem-
nify was clear.

The relevant language in *Carson* was the following:
"[w]ith respect to any obligation of [indemnitor] to in-
demnify and hold [indemnitee] harmless, [indemnitee],
at its sole option, also may tender its defense to [indem-
nitor]." *Id.* As the stated by the court, "[i]n other words
[the indemnitor]'s duty to defend [indemnitee] is contin-
gent upon its first having a duty to indemnify [the in-
demnitee]." *Id.*

The language in *Carson* is, therefore, clearly distin-
guishable from the duty to defend language in the eleva-
tor maintenance agreement language at issue in this case.

Based on the clear and unambiguous language of the elevator maintenance agreement, the duty of Humford to defend Thyssen can only reasonably be construed to have been triggered upon the filing of the two underlying personal injury claims.

Any other interpretation of the language would be illogical and at odds with the clearly expressed and apparent intent of the parties as well as the manifest purpose of a duty to defend clause.

Humford's position, during oral argument, that Thyssen was intended to have a post-litigation remedy by means of legal action to recoup Thyssen's self-expended defense costs at the resolution of the two underlying personal injury cases is at odds with the clear language of the duty to defend provision in question and "Where the language of a contract is clear and unambiguous, a court is required to give effect to that language." *Pennsylvania Manufacturers Association Insurance Company v. Aetna Casualty and Surety Insurance Company,* 426 Pa. 453, 233 A.2d 548 (1967).

Humford agreed to defend Thyssen from claims or losses alleged or proven to have arisen from the sole negligence of Thyssen or its employees.

Counsel for both parties, at the time of argument, agreed that the portion of Thyssen's motion asking that the court declare that Humford has a duty to indemnify Thyssen is, at this time, premature. Therefore, the court will deny that portion of the motion as premature. See *McClure v. Deerland Corporation,* 401 Pa. Super. 226, 585 A.2d 19 (1991).

Lastly, Thyssen asks that the court declare Humford in breach of the elevator maintenance agreement for

Humford's failure to name Thyssen as an additional insured on Humford's policy of liability insurance.

There is insufficient factual evidence of record that Humford did, or did not, name Thyssen as an additional insured. The court is left with the representations of both counsel that they are unaware of any documentation reflecting the fulfillment of that covenant.

What was agreed to by counsel was that Humford has not yet tendered any policy or any information that would indicate that Humford did name Thyssen as an additional insured on any policy of insurance.

That quantum of evidence fails below that standard required to declare a contractual breach in the context of a motion for summary judgment. The reviewing court must review the record in favor of the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Kvaerner Metals v. Commercial Union Insurance,* 589 Pa. 317, 908 A.2d 888 (2006).

Compliance with the foregoing is herewith directed.

The prothonotary is directed to serve notice of the entry of this order pursuant to Pa.R.C.P. 236.