NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4748
_____

JUDY BREWER,
Assignee of Tyrone Hamilton,

Appellant

v.

UNITED STATES FIRE INSURANCE COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil Action No. 2:10-cv-02540)
District Judge:  Honorable C. Darnell Jones II
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before:  FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges.*

(Opinion Filed: October 3, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Judy Brewer ("Brewer") appeals the District Court's December 13,

2010 Order dismissing her complaint, which alleges that the United States Fire Insurance

Company ("U.S. Fire") breached its duty to provide coverage, as required under her

policy. Brewer alleges that U.S. Fire acted in bad faith because it had a duty to provide coverage and acted with reckless indifference and conscious disregard in disclaiming coverage based on the policy's 'Employee Indemnification and Employer Liability Exclusion' ("Exclusion") clause. U.S. Fire moved to dismiss Brewer's complaint based on the Exclusion clause, which eliminates coverage for claims made by an employee of an insured. The District Court granted U.S. Fire's motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). Brewer filed a timely notice of appeal. For the following reasons, we will affirm the District Court's Order of Dismissal.

## I. BACKGROUND

We write primarily for the benefit of the parties, and therefore recount only the essential facts. On January 20, 2006, Brewer, a Service Plus Delivery Systems, Inc. ("Service Plus") employee, was injured in an automobile accident caused by Tyrone Hamilton ("Hamilton"), a Safecare Ambulance Services, Inc. ("Safecare") employee. Both Brewer and Hamilton were acting in the course and scope of their employment. At the time of the accident, a U.S. Fire insurance policy was in effect, listing the named insureds as "Safecare Ambulance Services, Inc., t/a Network Ambulance" and "Service Plus Delivery Systems, Inc."[1] As a result of the accident, Brewer filed suit and obtained a $250,000 judgment against Hamilton. In an effort to avoid immediate execution on the judgment, Hamilton assigned his breach of contract and bad faith claims against any and all insurers, including, but not limited to, U.S. Fire, to Brewer.

---

[1] The two companies, Safecare Ambulance Services, Inc. and Services Plus Delivery Systems, Inc., are separate and distinct entities.

Invoking the Exclusion clause, U.S. Fire denied coverage to Hamilton.[2]  Based on the assignment, Brewer filed suit to enforce Hamilton's rights under the policy.  Brewer, as assignee of Hamilton, seeks $250,000 in compensatory damages, interest, incidental, consequential and punitive damages, and costs and fees.  The main point of contention is the language of the policy itself.  In pertinent part, the terms of the Exclusion prohibit coverage for "bodily injury to an employee of the insured arising out of and in the course of employment for the insured."  (J.A., Vol. II, 42a.)

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. § 1332(c).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Under FED. R. CIV. P. 12(b)(6 ), we exercise

---

[2] The language of the Exclusion clause reads as follows:

**B.      Exclusions**
This insurance does not apply to any of the following:
                    * * *
4**. Employee Indemnification and Employer's Liability**
        "Bodily Injury" to:
                a.  An "employee" of the "insured" arising out of and in the course of:
                        (1) Employment by the "insured"; or
                        (2) Performing the duties related to the conduct of the "insured's" business; or
                b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

        This exclusion applies:
                        (1) Whether the "insured" may be liable as an employer or in any other capacity; and
                        (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
(See J.A., Vol. II, 42a.)

3

plenary review over a district court's grant of a motion to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010).

## III.    ANALYSIS

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted).

On December 10, 2010, the District Court granted U.S. Fire's motion to dismiss, concluding that under the plain language of the policy, the Exclusion clause was triggered. In its opinion, the District Court relied upon case law analyzing the application of the Employee Indemnification and Employer's Liability Exclusion.

Brewer's claim asserts that coverage exists under the plain language of U.S. Fire's insurance policy. The relevant portion of the policy involves the definition of insured. In the policy, the definition of "insured" provides:

> "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

(J.A., Vol. II, 49a).

4

Brewer posits that after employing a plain reading of U.S. Fire's policy, "if the above definition of "insured" is substituted in for the word "insured" in the Employee Indemnification and Employer's Liability Exclusion clause asserted by Appellee, the Exclusion clause provides that:

> "This insurance does not apply to . . . bodily injury to an employee of the insured against whom a claim or suit is brought." (Appellant's Br. at 15).

Brewer's hypothesis continues that if the Exclusion clause is read as such, it would not be applicable to her because (1) the injury is to her; (2) the insured seeking coverage is Hamilton; and (3) Brewer is not Hamilton's employee.

The District Court's view of the application of the Exclusion clause is diametrically opposed to Brewer's. The Court determined that the Exclusion clause appropriately applied to Brewer because under Pennsylvania law and the U.S. Fire policy, both Brewer's and Hamilton's employers are insured. Hence, if Brewer stands in Hamilton's stead and Hamilton in the first instance is precluded from coverage, then so is Brewer.

This analysis is based on Pennsylvania Mfrs.' Ass'n Ins. Co. v. Aetna Cas. and Sur. Ins. Co., 233 A.2d 548 (Pa. 1967). In PMA, the Pennsylvania Supreme Court held that in "the unambiguous language of the policy, the unqualified word 'insured' includes the named insured." Id. at 552. Brewer argues that the policy at issue here is materially different from the policy at issue in PMA, where, she claims, the 'separation of insureds' provision is not contained within the definition of 'insured,' but is only located in certain coverage provisions. She further contends that the PMA analysis is not applicable to

5

every case where a policy contains a 'separation of insureds' clause, particularly where the plain language mandates a finding of coverage, as is the case here.

We find that PMA is applicable to the instant case. In PMA, the plaintiff's insurer brought an action against defendant insurer regarding the interpretation of the word "insured" in an employee exclusion policy. Id. at 549. The PMA policy contained an Exclusion clause making it inapplicable to bodily injury of any employee of the insured. Id. at 550. The Pennsylvania Supreme Court held that employees of the named insured fell within the employee Exclusion clause. Id. at 548. The Court also found that the unambiguous language of the policy dictated that the word "insured" included the named insured, and therefore, the employee of plaintiff's insured was excluded from coverage. Id. at 552.

Similarly, the language of the policy in the instant case is clear that both Service Plus and Safecare are employers, and both Brewer and Hamilton are employees under the policy. Therefore, because Hamilton is not covered under his policy with Safecare, Brewer, in his stead, is also not covered.

Brewer insists that the definition of 'insured' is the crux of the matter. Specifically, she contends that the second sentence of the definition of 'insured,' as it is written in the Exclusion clause, serves as a 'separation of insureds' provision, which provides that the coverage afforded applies separately to each insured. Brewer argues that, based on the separation of insureds provision, the term "insured" does not apply when the insured seeking coverage is separate from the insured bringing suit, and that unlike PMA, the "'separation of insureds' clause is contained in a paragraph which

6

defines and/or modifies the word 'insured.'" (See Appellant's Br. at 16.) She insists that the policy be read in such a way that coverage would not be provided for bodily injury to 'an employee of the insured'[3] against whom a claim or suit is brought, but that since she is not an employee of Hamilton's, the Exclusion clause would not apply to her. This reasoning is incorrect.

Brewer and Hamilton are employed by a named insured. Because the Exclusion clause specifically excludes coverage for "bodily injury to an employee of the insured arising out of and in the course of employment by the insured," the District Court concluded, "[u]nder the undisputed facts as pleaded, [appellant] suffered bodily injury while acting in the course and scope of her employment by a named insured. Under the plain language of the policy, this triggers the Employee Indemnification and Employer's Liability Exclusion." (J.A., Vol. II, 3a).

"When the language of an insurance contract is clear and unambiguous, a court is required to enforce that language." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (citation omitted). We find that the Exclusion clause denies coverage to any employee of "the insured," and that includes Brewer. The District Court appropriately relied upon PMA in finding that U.S. Fire's Exclusion clause was applicable to Brewer. Brewer is excluded from coverage under the plain language of the policy. We find no error.

---

[3] Brewer argues that 'an employee of the insured' should be substituted for 'insured' in the policy. There is no basis to read the policy in this manner. We shall not do so here.

7

Brewer next argues that the District Court erred in dismissing her bad faith claim against U.S. Fire, contending that U.S. Fire: (1) had a duty to provide coverage; and (2) acted with reckless indifference and conscious disregard in disclaiming coverage based on the exclusion discussed above.

"Bad faith must be proven by clear and convincing evidence and not merely insinuated." Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994). "To recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id. "Mere negligence or bad judgment is not bad faith." Id. We find that Brewer's claim of bad faith goes against the weight of the evidence, and U.S. Fire did not act in bad faith when it denied coverage to Brewer under the policy.

"The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Under the holding in Twombly, Brewer's complaint must contain enough factual allegations such that discovery would provide evidence of each element of the claim. It

does not.  The District Court correctly dismissed Brewer's claim of bad faith against U.S. Fire.

### IV.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's Order of Dismissal.[4]

---

[4] Because we have disposed of the bad faith claim, we need not address Brewer's claims regarding punitive damages.  See Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 690 (Pa. Super. Ct. 1994).