**Selective Way Insurance Co. v. Granger**

C.P. of Lehigh County, No. 2012-C-3716

*Jeffrey H. Quinn*, for plaintiff.
*James C. Haggerty*, for defendants.
*Gladys E. Wiles*, for Angstadts.

JOHNSON, *J.*, August 1, 2013—

## I. INTRODUCTION

Before the court for consideration are the complaint for declaratory judgment filed September 10, 2012, the Angstadts' new matter filed October 15, 2012 and the defendants' new matter and counter claim filed November 6, 2012.

## II. FINDINGS OF FACT

1. The court incorporates by reference the stipulation of facts, attached hereto as "exhibit A."

## III. ANALYSIS AND CONCLUSIONS OF LAW

Under Pennsylvania law, the question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. *Donegal Mut. Ins. Co. v.*

*Batmhammers*, 938 A.2d 286, 290 (Pa. 2009). Extensions of coverage under policies of insurance are to be broadly construed to afford the greatest possible coverage to insureds, exceptions to coverage are to be interpreted narrowly and strictly against the insurer. *Swarner v. Mutual Ben. Group*, 2013 Pa. Super 198, No. 1275 MDA 2012, 2013 WL 3756770 (Pa. Super. July 18, 2013). The burden is on the insurer, plaintiff here, to prove that an exception or exclusion to a policy applies to preclude coverage. *Id.* at *3.

The commercial general liability policy (S1576480) ("policy") at issue lists Glasbern Inc., and Albert L Granger as the "Named Insured" (Plaintiff's exhibit A at Bate Stamp P. 1). On the record, plaintiff abandoned count I, a claim based on the expected or intended injury exclusion. Count II is based on section I-Coverages; Coverage A Bodily Injury And Property Damage Liability; 2. Exclusions; d. Workers' Compensation And Similar Laws ("Workers' Compensation Exclusion") of the policy provides that "This insurance does not apply to:.... Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." (Plaintiff's exhibit A at Bate Stamp P. 114). The Angstadts have already received workers' compensation benefits from a separate policy and are seeking recovery in a tort action against the insured. Therefore, the court finds the plain meaning of the workers' compensation exclusion does not apply to this case because defendants are not seeking to have plaintiff cover their workers' compensation or similar obligation.

Count III is based upon Section I-Coverages; Coverage A Bodily Injury And Property Damage Liability; 2. Exclusions; e. Employer's Liability ("Employer's

Liability Exclusion") of the policy provides that "This insurance does not apply to:… "Bodily injury" to: (1) An "employee" of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business; or (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above" (Plaintiff's exhibit A at Bate Stamp P. 114). "Employee" is defined in Section V-Definitions; 5. ""Employee" includes a "leased worker". "Employee" does not include a "temporary worker." (Plaintiff's exhibit A at Bate Stamp P. 125). Based on stipulation of fact ¶1 and 7 and the plain meaning of the employer's liability exclusion, this court finds that Jason Angstadt ("Jason") is suing Glasbern Inc., for bodily injury he suffered during the performance of his duties as an employee and, therefore, plaintiff is relieved of the requirement to defend or indemnify Glasbern Inc., under the employer's liability exclusion against the claims of Jason in Lehigh County Court of Common Pleas, case number 2012-C-0247. Based on stipulation of fact ¶1 and 7 and the plain meaning of employer's liability exclusion, this court finds that Janine Angstadt ("Janine") is suing Glasbern Inc., as a result of bodily injury her spouse suffered during the performance of his duties as an employee and, therefore, plaintiff is relieved of the requirement to defend or indemnify Glasbern Inc., under the employer's liability exclusion against the claims of Janine in Lehigh County court of common pleas, case number 2012-C-0247.

The court finds that this case is distinguishable from *Pennsylvania Manufactuers' Ass'n Ins. Co. v. Aetna Cas. & Sur. Ins. Co.*, 426 Pa. 453, 233 A.2d 548 (1967), because that case dealt with the exclusion being applied by

the sole insured to their own employee, whereas the case at bar deals with two named insureds and no proof that Jason is an employee of Albert L. Granger ("Granger") individually. The court finds that Jason is suing Granger as the landowner of the property where the bodily injury occurred and that Jason is not an employee of Granger. The court's ruling is consistent with the holding in *Luko v. Lloyd's London*, 393 Pa. Super. 165, 573 A.2d 1139 (1990), where the court held that an insurer does not need to defend or indemnify an employer when the employer is a named insured being sued by that employer's own employee. The insurer however, must indemnify and defend another named insured who is being sued if the other named insured does not employ the employee. *Id.* at 176.

Plaintiff cites a federal case, *Forum Ins. Co. v. Allied Security, Inc.*, 866 F.2d 80 (3d Cir. 1989), and argues that the employer's liability exclusion applies to Granger because he is a named insured and the exclusion applies when the "insured is liable as an employer or in any other capacity…" (Plaintiff's exhibit A at Bate Stamp P. 114). The *Forum* case dealt with an employee's family suing an employer for negligent hiring, placement, supervision, and control of another employee who attacked and killed the first employee. *Forum Ins. Co.*, 866 F.2d 80. This case still involved an employee, or the employee's family, suing the employer who was the named insured. In the case at bar, the court finds that Jason was not an employee of Granger and therefore, the employer's liability exclusion does not apply to Granger. The court finds that there is no exclusion to the coverage of Granger against the claims of Janine for the same reasons.

The court finds that the plaintiff's request for a

declaratory judgment on plaintiff's count IV and V is inappropriate and is denied because the medical expenses coverage provision has not been sought in the underlying complaint. The court finds that the plaintiff's request for a declaratory judgment on the issue of punitive damages is inappropriate and is denied because plaintiff failed to plead that request.

## IV. CONCLUSION

Pursuant to the findings of fact and conclusions of law set forth above, the court finds that plaintiff, Selective Way Insurance Company, is not obligated to defend or indemnify Glasbern Inc., under the employer's liability exclusion of the policy. The court finds that neither the workers' compensation exclusion nor the employer's liability exclusion applies to Granger and, therefore, the plaintiff is not relieved of its duties to defend and indemnify Granger under the policy. Both of these conclusions apply for the same reasoning to the consortium claims brought by Janine.

## ORDER

And now, this 1st day of August, 2013, upon consideration of the complaint for declaratory judgment filed September 10, 2012, the defendants' answers thereto, and after hearing;

It is hereby ordered that

1. Said complaint is granted in part and denied in part;

2. Selective Way Insurance Co., has no duty to defend or indemnify Glasbern Inc., for claims asserted by Jason Angstadt and Janine Angstadt in the Lehigh County Court of Common Pleas, case number 2012-C-0247;

3. Selective Way Insurance Co., has a duty to defend and indemnify Albert L. Granger, for claims asserted by Jason Angstadt and Janine Angstadt in the Lehigh County Court of Common Pleas, case number 2012-C-0247, that are covered in the commercial general liability policy (S1576480), which is the subject of this action.